IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICKY POPE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2660 |
| | § | |
| E.I. du PONT de NEMOURS & CO., INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

OPINION AND ORDER

Pending before the Court in the above referenced personal injury action, in which the Court granted summary judgment to DuPont, are (1) Defendant E.I. du Pont de Nemours & Co.'s ("DuPont's") application in support of its bill of costs (instrument #41) under Federal Rule of Civil Procedure 54(d), (2) Plaintiff Ricky Pope's ("Pope's") motion for extension of time to respond (#42), and (3) Pope's objections (#43).

As a threshold matter, the Court notes that Pope's response was timely filed, so this motion for extension of time is moot.

DuPont seeks to recover for both the print copy and the videotaped transcripts of the depositions of Pope and witnesses Peter James Sullivan and Jeffrey Harrington, along with copies of exhibits produced for these depositions, because they were necessary for use in this litigation

Pope objects to the costs of the video of Pope's deposition in the amount of $1595 (Ex. B to #41) as unnecessary because Pope would appear live at trial. Furthermore, Pope states that he is in

poor health and not able to work.

As noted by DuPont, under 28 U.S.C. § 1920 a prevailing party may seek recovery of an original deposition's costs if necessarily obtained for use in the case, whether nor not they are actually introduced into evidence. *Coats v. Penrod Drilling Corp*, 5 F.3d 877, 891 (5th Cir. 1993). The Fifth Circuit has recognized that a prevailing party my recover fees for electronically recorded depositions, including videotaped depositions, under the 2008 revisions to § 1920(2). *S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 Fed. Appx. 443 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1054 (2010); *see also Petri v. Kestrel Oil & Gas Properties, LP*, Civ. A. Nos. H-09-2994 and H-10-497, 2013 WL 265973 at *4 (S.D. Tex. Jan. 17, 2013), *citing* The Judicial Administration and Technical Amendments Act of 2008, Publ L. No. 110-406, 122 Stat. 4292 (amending § 1920(2). Moreover this Court has previously opined that "a videotaped version of the deposition available in a stenographic transcript is also taxable if used for trial or trial preparation." *Petri*, 2013 WL 265973 at *4, *citing Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp. 2d 970, 976-77 (S.D. Tex. 2011)(prevailing party must demonstrate that both the transcript and the video was necessarily obtained for use in the case). The district court makes the factual determination whether such copies are reasonably necessary. *Baisden*, 793 F. Supp. 2d at 977. In *Farnsworth v. Covidien, Inc.*, 2010 WL 2160900, at *2 (E.D. Mo. May 28, 2010)(*quoted by Baisden* at 977), the court found that costs for both videotapes and transcription were taxable "because at the time

of the depositions, it was reasonable to believe that videotapes would be necessary at trial if any of the witnesses were unable to testify in person, or if a witness testified inconsistently with his or her deposition testimony. Additionally, it cannot be said that a videotape of a deposition is wholly duplicative of a transcript of the same deposition because the transcript only captures verbal communication, while the videotape captures both verbal and nonverbal communication." DuPont reasonably explains that it needed both video and transcribed versions of the depositions to demonstrate demeanor, credibility, and inconsistencies in testimony.

As for Pope's claim that costs should not be warded because he is in poor health and unable to work, "the Fifth Circuit has generally been reluctant to recognize exceptions to the presumption that costs should be awarded to the prevailing party." *E.A.F.F. v. U.S.*, No. SA-08-CA-124-XR, 2014 WL 2155263, at *5 (W.D. Tex. May 22, 2014), *citing Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992). In *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006), the Fifth Circuit, while emphasizing that "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs" and that denial of costs is "in the nature of a penalty," did observe that other Circuit Courts of Appeals had considered a variety of equitable reasons for withholding reasonable costs awards, including "the losing party's limited financial resources," but expressly stated that it was not deciding the question. In *E.A.F.F.*, 2014 WL 2155263, at *6, the

district court listed some district courts in the Fifth Circuit, including this Court in *Petri*, 2013 WL 265973 at *7 & n.8, which have concluded that indigency is not a sufficient reason to deny an award of costs, and it then "decline[d] to exercise its discretion to deny costs to the prevailing federal Defendants on this basis."[1]

Accordingly, for these reasons, the Court

ORDERS that (1) Pope's motion for extension of time to respond (#42) is MOOT; (2) Pope's objections (#43) are OVERRULED; and (3) DuPont's application in support of its bill of costs (instrument #41) is GRANTED. Thus the Clerk of the Court shall enter the bill of costs.

**SIGNED** at Houston, Texas, this 7th day of January, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[1] The *Petri* court opined, "While the Court sympathizes with possible financial or health constraints, as stated by the district court in *Shaw v. Hardberger*, Civ. A. No. SA-06-CV-751-XR, 2010 WL 1424726, *1 (W.D. Tex. Apr. 7, 2010), *appeal dismissed*, 2011 WL 1519134 (5th Cir. Apr. 21, 2001), indigency is not a reason to permit a losing party to avoid costs: 'Allowing indigent parties to avoid court costs based on nothing other than their indigent status appears to contravene Congress's intent in stating that judgment may be rendered for costs at the conclusion of a proceeding brought *in forma pauperis* 'as in other proceedings.' 28 U.S.C. § 19(f)(1)."